**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Terry L. Carr and Rodney C. Carr, | ) | No. 09-0667-PHX-JAT |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Esurance Insurance Company, a Wisconsin corporation, | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiffs' Motion to Remand (Doc. # 12). Defendant filed a Response (Doc. #16) and Plaintiffs filed a Reply (Doc. #17). After reviewing the parties' filings, the Court now grants Plaintiffs' Motion.

**I. Background**

On April 25, 2007, Plaintiffs' vehicle, a 2006 Chevrolet Silverado 1500 truck, was stolen. The loss of the vehicle was covered by Plaintiffs' insurance contract with Defendant Esurance Insurance Company ("Esurance"). Plaintiffs reported their claim to Esurance the day after the theft; however, Plaintiffs allege that Esurance refused to pay the claim for a thirty day waiting period following the loss in order to see if the vehicle would be recovered. Though Plaintiffs allege that they provided Esurance with all requested documentation prior to the end of the waiting period, Esurance did not pay the claim at the conclusion of the

waiting period. Plaintiffs further allege that Esurance admitted that it had no basis for the delay in payment.

Esurance states in its Response that on or about June 4, 2007, it advised the Plaintiffs that the actual cash value of the vehicle was $26,555.23. However, on June 13, 2007, forty-nine days after the theft, the truck was recovered by police. Esurance subsequently revised their offer to Plaintiffs, lowering it to $3,067.43 to cover the cost to repair the truck. Plaintiffs did not accept the offer. Esurance also alleges in its Response that Plaintiffs failed to repair the truck or mitigate their damages and that the truck was eventually repossessed for failure to make timely payments.

On March 2, 2009, Plaintiffs commenced this action in Maricopa County superior court. In their Complaint, Plaintiffs allege both breach of duty of good faith and fair dealing and breach of contract against Esurance. Plaintiffs also filed a certificate of compulsory arbitration, indicating that the case was not subject to compulsory arbitration. On April 1, 2009, Esurance filed a Notice of Removal with this Court. Due to a defect in the Notice, this Court requested an Amended Notice of Removal, which Defendant filed on May 21, 2009. Plaintiffs subsequently filed their Motion to Remand on May 28, 2009.[1]

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, when a federal court is presented with a motion to remand, the court is limited solely to the question of its authority to hear the case pursuant to the removal statute. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986). Thus, the Court's inquiry is limited to whether it has subject matter jurisdiction over the instant case.

---

[1] In its Response, Defendant argues that Plaintiffs' Motion to Remand was untimely because, per 28 U.S.C. § 1447(c), it was filed more than thirty days past the filing of Defendant's original Notice of Removal. However, the thirty day limitation applies only to defects other than lack of subject matter jurisdiction. Since Plaintiffs are contesting this Court's subject matter jurisdiction in its Motion, Defendant's argument is without merit.

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Further, actions that originally could have been filed in federal court may be removed to federal court by the defendant. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is, however, a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). But, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer*, 116 F.3d at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (quoting *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). However, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (endorsing the Fifth Circuit's

practice of considering facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (citations omitted).

### III. Analysis

#### A. Motion to Remand

Plaintiffs have not demanded a dollar amount in their complaint. Accordingly, it is Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer*, 116 F.3d at 376. This requires that Defendant submit evidence to show it is more likely than not that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404. Defendant may submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal, but may not rely upon conclusory allegations. *See Valdez*, 372 F.3d at 1117.

Evidence submitted by Defendant to prove that the amount in controversy exceeds $75,000 includes the certificate of compulsory arbitration from Maricopa County superior court (Def. Ex. 1), a settlement letter sent from Plaintiffs' attorney to Defendant's attorney (Def. Ex. 2), an affidavit of Defendant's attorney attesting to the amount of attorneys' fees likely to be incurred in this case (Def. Ex. 3), a minute entry from a case Defendant claims is comparable to this case (Def. Ex. 4), and also a news article about the jury award in that case (Def. Ex. 5). As is discussed below, this evidence is not sufficient to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

First, the certificate of arbitration does nothing more than establish that the amount in controversy is likely more than $50,000. The Court may consider this certificate as a concession by Plaintiffs of the amount that they are seeking for their claim. *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (citing *Singer*, 116 F.3d at 376). In the superior court of Maricopa County, local rule 3.10 requires arbitration for claims under $50,000. However, while the certificate establishes that Plaintiffs are very likely seeking an amount that is more than $50,000 for their claim, the certificate does not prove that the amount in controversy is greater than $75,000.

Second, the settlement letter does not establish that the amount in controversy exceeds $75,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citations and footnote omitted). Here, it is undisputed that Plaintiffs offered to settle this case for $70,000. (Def. Ex. 2). Noting that this amount is only $5,000 shy of the jurisdictional minimum, Defendant argues that Plaintiffs have "strategically offered" to settle for this amount to avoid this Court's jurisdiction. (Doc. #16 at 5). Defendant also argues that, since the settlement amount "is only an estimate of the value of Plaintiffs' claim, it is likely that Plaintiffs' claim may exceed the $75,000 limit . . . ." (Id.).

While the Court acknowledges that the offered settlement amount is close to the amount in controversy requirement, the settlement amount nevertheless falls below the $75,000 requirement. Defendant's speculation that the offered settlement amount, as an estimate of Plaintiffs' claims, somehow indicates that the actual value of the claim should be higher is entirely conclusory, and Defendant's evidence does not support this assertion. The fact that the amount was an "opening demand" and subject to lower counteroffers further undermines Defendant's argument. (Def. Ex. 2).

Third, Defendant's attorney's estimation of the attorneys' fees in this case is not sufficient to find that the amount in controversy exceeds $75,000. Defendant correctly asserts that attorneys' fees recoverable under law may be included in computing the amount in controversy when an underlying statute authorizes such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Under Arizona law, attorneys' fees incurred in obtaining benefits under an insurance contract are recoverable in a bad faith action, but the "recoverable fees include only those incurred to obtain the contract benefits and not fees incurred in seeking tort damages." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004) (citing *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 22-23 (Ariz. Ct. App. 1990); A.R.S. § 12-341.01(A).

Here, Defendant's attorney estimates that Plaintiffs' attorneys' fees will be between $40,000 and $60,000. (Def. Ex. 3). However, this estimation is based on nothing more than

the attorney's opinion of how many hours of billable work will be expended in litigating this case. It is thus not clear that the fee amounts stated by the attorney will actually or likely be incurred by Plaintiff. Furthermore, Defendant's attorney acknowledges in his affidavit that Plaintiff's attorney is working on a contingency fee basis, which only further illustrates the speculative and conclusory nature of Defendant's estimation.

Finally, Defendant has not established by a preponderance of the evidence that any punitive damages in this case are likely to exceed $75,000. Punitive damages recoverable under law may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk*, 348 F. Supp. 2d at 1069 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000). To show that the claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000, Defendant must present appropriate evidence. *Burk*, 348 F. Supp. 2d at 1069 (citing *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)). Such evidence may include jury verdicts in analogous cases. *Burk*, 348 F. Supp. 2d at 1069 (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Ansley*, 215 F.R.D. at 578).

Here, Defendant presents only one other case from the superior court of Maricopa County, *Nardelli v. MetLife Auto & Home Ins. Agency, Inc.*, CV2004-019991, to support its assertion that the amount of punitive damages will exceed $75,000. (Def. Ex. 4). In *Nardelli*, the Plaintiffs recovered $55 million in punitive damages. While *Nardelli* did involve facts similar to the facts in this case, the Court does not find that it is more likely than not that a similar amount of punitive damages could be awarded in this case. The award in that case was likely unusually high, as is evidenced by the fact that the award was the subject of a news article. (Def. Ex. 5). Moreover, with only this one award to serve as a basis of

- 6 -

comparison for punitive damages, the Court finds Defendant's evidence insufficient to support its assertion that punitive damages in this case will exceed $75,000.

All of the evidence submitted by Defendant, when considered together with the alleged contract damages,[2] does not prove by a preponderance of the evidence that the value of Plaintiffs' claim exceeds $75,000. Thus, Defendant has not satisfied its burden of proof. Accordingly, in light of the strong presumption against removal jurisdiction, the Court concludes that it lacks subject matter jurisdiction over this action.

**B. Request for Stipulation**

In the alternative, and in the event the Court remands this case to state court, Defendant contends that Plaintiffs must stipulate to the fact that their damages do not exceed $75,000. Specifically, Defendant contends that if Plaintiffs are unwilling to cap their damages at $75,000, then their motion to remand is unreasonable and not brought in good faith.

The Court disagrees with Defendant's argument. The burden is on the defendant to prove the amount in controversy. *See Singer*, 116 F.3d at 376. As such, Plaintiffs "need not stipulate to limit their future remedies to prevent Defendant's removal to federal court." *Burk*, 348 F. Supp. 2d at 1070.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Superior Court for the State of Arizona, in and for the County of Maricopa.

DATED this 16th day of July, 2009.

_____
James A. Teilborg
United States District Judge

---

[2] The actual amount of contract damages is disputed by the parties. Plaintiffs allege an amount of approximately $12,600, while Defendant alleges an amount of approximately $27,000. The Court's foregoing analysis is the same with regard to either, or any intermediary, amount.

- 7 -